UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                              )
ROBERT DARNBROUGH,            )
                              )
            Plaintiff,        )
                              ) Civil Action No. 11-1862(EGS)
        v.                    )
                              )
U.S. DEPARTMENT OF STATE      )
                              )
            Defendant.        )
_____)
```

<u>MEMORANDUM OPINION</u>

This Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.*, case is before the Court on defendant's motion for summary judgment. At issue is the U.S. Department of State's (the "Department") response to plaintiff Robert Darnbrough's request for documents relating to the renunciation of his United States citizenship. Upon consideration of the motion, the response and reply thereto, the entire record, and for the reasons explained below, defendant's motion will be **DENIED**.

**I.   BACKGROUND**

Plaintiff is a Canadian citizen currently residing in Whistler, Canada. Compl. ¶ 4. Although the exact circumstances are somewhat unclear, plaintiff alleges that he is a "native" of the United States and that he was, at one time, a United States citizen. *Id*. ¶¶ 4, 11. On January 5, 2011, plaintiff submitted a FOIA request to the Department of Information Programs and

Services of the U.S. Department of State ("IPS") for "all Department of State records from 2003 to present, regarding the renunciation of [his] U.S. citizenship." Def.'s Statement of Material Facts Not in Dispute ("Def.'s SOF") at ¶ 1. The Department acknowledged receipt of the request and assigned it a Case Control Number 201100806 by letter dated February 16, 2011. *Id.* ¶ 2.

On or about November 22, 2011, the Office of Visa Services ("VO") informed plaintiff that his search had been completed and that it resulted in the retrieval of one record responsive to plaintiff's FOIA request. *Id.* ¶ 3. The letter informed plaintiff that the record, which has been referred to by the parties as "Document No. VI," would be withheld in full because it was protected from release by statute under 5 U.S.C. § 552(b)(3). *Id.* The statute under which the document was being withheld was Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f), which requires the withholding of information contained in the records of the Department of State pertaining to the issuance or refusal of visas or permits to enter the United States. *Id.*[1] A further search of Department records resulted in the retrieval of nine additional documents

---

[1] The parties refer to this statute as "Section 1202(f)," "Section 222(f)" and "INA §222(f)." For consistency, the Court will refer to the statute as "Section 1202(f)."

responsive to plaintiff's request, which were released to plaintiff in full and without redactions.  *Id*. ¶ 4.

Document No. VI, the only withheld document, allegedly relates to plaintiff's application for a NEXUS card to enter the United States.  The Department represents that NEXUS is a program administered by the U.S. Customs and Border Protection.  The program allows pre-screened travelers expedited processing by United States and Canadian officials at dedicated processing lanes at designated northern border points of entry, at NEXUS kiosks at Canadian Preclearance airports, and at marine reporting locations.  Approved applicants are issued a photo-identification, proximity Radio Frequency Identification card.  Participants use three modes of passage where they will either present their NEXUS card or have their iris scanned and make a declaration.  *See* Declaration of Sheryl L. Walter ("Walter Decl."), ECF No. 11-1, at 10, n.1.

The Department has explained that Document No. VI is a CLASS (Consular Lookout and Support System) printout dated June 22, 2010.  Declaration of Sheryl L. Walter ("Walter Decl."), ECF No. 11-1, at ¶ 40.  The CLASS system is used to determine visa eligibility.  Suppl. Decl. of Sheryl L. Walter ("Suppl. Walter Decl."), ECF No. 15-1, at ¶ 4.  It is the Department's "namechecking" system for visa and passport applications and contains the Department of State's namecheck databases.  *Id*.

The visa lookout database, at issue here, is primarily designed
to provide information to consular officers adjudicating an
alien's eligibility for a visa.  *Id.*  Document No. VI consists
of two pages and is currently deemed unclassified.  Walter Decl.
¶ 40.  The VO retrieved the document through a full-text
computer search of the Consular Consolidated Database (CCD).
*Id.*  The first page, entitled "CLASS Returns," contains a few
lines of biographic data that identify the subject and the
record of the denial by a component agency of the United States
Department of Homeland Security of his application for a NEXUS
card to enter the United States.  *Id.* ¶ 41.  The second page,
entitled "CLASS Long Comment," mentions the fact of plaintiff's
renunciation of United States citizenship, information related
to the U.S. Customs and Border Protection's denial of
plaintiff's NEXUS application on June 18, 2010, and that the
CLASS entry was generated by that denial.  *Id.*  The Department
concluded that Document No. VI was required to be withheld in
full under Exemption 3 and Section 1202(f) because "it consists
in its entirety of a record of the Department of State
pertaining to the issuance of a visa or permit to enter the
United States."

The parties agree that Document No. VI was subjected to a
line-by-line review for segregable information by a senior
Department employee who is familiar with plaintiff's FOIA

request, the nature of Department records pertaining to the issuance or refusal of visas to enter the United States, and the requirements of Section 1202(f).  *Id.* ¶ 5.  The parties dispute, however, the outcome of the segregability analysis.  Pl.'s Response to Def.'s SOF ("Pl.'s SOF") at 2.  Specifically, plaintiff challenges the Department's determination that no reasonably segregable information exists in the document. Plaintiff also argues that the Department has not carried its burden of showing that the document is properly withheld under Section 1202(f).

On March 26, 2012, defendant moved for summary judgment. The motion is now ripe for the Court's decision.

**II.   STANDARD OF REVIEW**

**A. Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002).  In determining whether a genuine issue of fact exists, the court must view all facts in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Likewise, in ruling on

cross-motions for summary judgment, the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed. *See Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 658 F. Supp. 2d 217, 224 (D.D.C. 2009) (citing *Rhoads v. McFerran*, 517 F.2d 66, 67 (2d Cir. 1975)).

### B. FOIA

FOIA requires agencies to disclose all requested agency records, 5 U.S.C. § 552(a), unless one of nine specific statutory exemptions applies, *id.* § 552(b).  It is designed to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citations omitted).  "Given the FOIA's broad disclosure policy, the United States Supreme Court has 'consistently stated that FOIA exemptions are to be narrowly construed.'" *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007) (quoting *Dep't of Justice v. Julian*, 486 U.S. 1, 8 (1988)); *see U.S. Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (FOIA exemptions must be narrowly construed in favor of disclosure).

FOIA's "strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  The government may satisfy its burden of establishing

6

its right to withhold information from the public by submitting
appropriate declarations and, where necessary, an index of the
information withheld.  *See Vaughn v. Rosen*, 484 F.2d 820, 827-28
(D.C. Cir. 1973).  "If an agency's affidavit describes the
justifications for withholding the information with specific
detail, demonstrates that the information withheld logically
falls within the claimed exemption, and is not contradicted by
contrary evidence in the record or by evidence of the agency's
bad faith, then summary judgment is warranted on the basis of
the affidavit alone." *ACLU v. Dep't of the Defense*, 628 F.3d
612, 619 (D.C. Cir. 2011); *see id.* (agency's justification for
invoking a FOIA exemption is sufficient if it appears logical or
plausible).

## III.  DISCUSSION

In his opposition to the Department's motion for summary
judgment, plaintiff states that he does not dispute that the
Department's search for responsive records was adequate.
Accordingly, the only issues currently before the Court are
whether the Department properly applied FOIA exemption 3 to the
withheld document and whether the Department fully complied with
its segregability obligations in withholding the document in its
entirety.

The Department has withheld Document No. VI pursuant to
FOIA exemption (b)(3), which allows withholding if another

statute requires the documents to be withheld, and does so "in such a manner as to leave no discretion on the issue," 5 U.S.C. § 552(b)(3)(A).  In determining whether the government properly invoked this exemption, courts should "not closely scrutinize" the withheld document's contents but rather determine (1) "whether there is a relevant statute" and (2) "whether the document falls within that statute."  *Perry-Torres v. Dep't of State*, 404 F. Supp. 2d 140, 143 (D.D.C. 2005) (citing *Krikorian v. Dep't of State*, 984 F.2d 461, 465 (D.C. Cir. 1993)).

It is well-established in this Circuit that Section 1202(f) qualifies as a withholding statute under FOIA exemption 3.  *See Medina-Hincapie v. Dep't of State*, 700 F.2d 737, 741-42 (D.C. Cir. 1983).  Section 1202(f) states that "[t]he records of the Department of State and of the diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential . . . ."  This provision has been interpreted to include not only information supplied by the visa applicant, but also any "information revealing the thought-processes of those who rule on the application."  *Perry-Torres*, 404 F. Supp. 2d at 143 (citing *Medina-Hincapie*, 700 F.2d at 744).  The question, therefore, is whether Document No. VI falls within the scope of Section 1202(f).

The Department concedes that the document is not being withheld on the basis that a NEXUS card is a visa or permit to enter the United States. Def.'s Reply at 4. Rather, the Department argues that because Document No. VI was retrieved from a database used to determine visa eligibility, it is therefore exempt from disclosure in its entirety under Section 1202(f). The Department argues that "as a categorical matter, information retrieved from a database used to determine visa eligibility 'pertain[s] to the issuance or refusal of visas' and is therefore exempt from disclosure." Def.'s Reply at 3 (citing *Judicial Watch, Inc. v. Dep't of State*, 650 F. Supp. 2d 28, 33 (D.D.C. 2009)). The Department further argues that "any information revealing the thought processes of those who rule on the [visa] application" must remain confidential under 8 U.S.C. § 1202(f)." Def.'s Reply at 4 (citing *Perry-Torres*, 404 F. Supp. 2d at 143). The Department contends that the *purpose* for which the information was retained, rather than its content, is what determines whether the information is exempt. Def.'s Reply at 5 (citing *Judicial Watch*, 650 F. Supp. 2d at 33).

None of the cases cited by the Department, however, involve the withholding of a document simply by virtue of where it is stored. The Department relies heavily on *Judicial Watch* to support its argument that the mere existence of the document in the visa lookout database is sufficient to warrant withholding

the document under FOIA exemption (b)(3).  The Court finds, however, that *Judicial Watch* is distinguishable from this case. In *Judicial Watch*, the FOIA requester specifically sought records relating to the issuance of an entry visa for an alleged drug smuggler.  *See Judicial Watch*, 650 F. Supp. 2d at 33 (noting that Judicial Watch was only interested in the documents to the extent that they provided information about how a specific person had obtained a visa or visas for entry into the United States).  Although the court in *Judicial Watch* stated that the withheld document fell within Section 1202(f) because "it was retrieved from a database used to determine visa eligibility and 'thus pertain[s] to the issuance or refusal of visas,'" the Court does not read that language as stating a broad exemption for *any* document that happens to find its way into the Department's visa database.

The other cases cited by the Department involving the application of Section 1202(f) also involve the grant or denial of a visa or permit application and are therefore distinguishable.  *See Perry-Torres*, 404 F. Supp.2d at 143 (visa documents properly withheld because plaintiff's FOIA request related to denial of the requestor's visa application); *Medina-Hincapie*, 700 F.2d at 744 (material requested was exempt from disclosure because it pertained to the denial of a visa application).

The Department further argues that Section 1202(f)
contemplates that information in the visa lookout database will
ordinarily be kept confidential and provides no exception for
releasing information from the database to FOIA requestors.
Def.'s Reply at 3.  The Department cites subsection (f)(2),
which provides a limited exception for providing information
from the visa lookout database to a foreign government.  *Id*.
Another exception permits records to be made available to a
court when needed for a pending case in the interests of
justice.  8 U.S.C. § 1202(f)(1).  The Department contends that
these narrow exceptions indicate that all information in the
visa databases must be kept confidential, regardless of whether
the information relates to the issuance or refusal of a visa.

The Court disagrees.  Viewing Section 1202 as a whole, it
is clear that the statute relates only to the issuance and
refusal of visa applications.  The statute is entitled
"Application for visas" and the subsections concern the
requirements for and processing of visas applications.  It does
not concern other aspects of visas or immigration, such as visa
revocations (§ 1201(i)) or other adjustments or changes to one's
immigration status (*e.g.*, §§ 1254a; 1255-1258).  As recognized
in *Medina-Hincapie*, Section 1202(f) "evidences an intent to
maintain the confidentiality of the decision-making process" for
visa issuances and denials.  700 F.2d at 744.  Accordingly, the

11

Court finds that Section 1202(f) cannot be extended to cover materials unrelated to a visa issuance or denial simply because those documents are contained in a database among other documents that may pertain to visa issuances and denials. *See Immig. Justice Clinic v. U.S. Dep't of State*, No. 12 Civ. 1874 (GBD), 2012 WL 5177410 at *2 (S.D.N.Y. Oct. 18, 2012) (holding that government cannot rely on Section 1202(f) to withhold information that was not gathered, used, nor is being used to determine an actual past or pending visa application). Here, the Department concedes that this case does not involve the issuance or denial of a visa or permit application. Accordingly, the Court finds that Document No. VI is not exempt from disclosure under 8 U.S.C. 1202(f) because it is not a document that pertains to the issuance or refusal of a visa. Because of the Court's decision on the exemption issue, the Court need not reach the issue of whether the Department identified all reasonably segregable information in the document.

The Court stresses that its holding is a narrow holding. As explained in *Immigration Justice Clinic v. U.S. Dep't of State*, a case involving similar facts, the Court does not hold that the Department's CLASS database is by definition subject to general disclosure. *See* 2012 WL 5177410 at *2 (S.D.N.Y. Oct. 18, 2012). Rather, the Court finds that because the Department

12

has conceded that this case does not involve the issuance or refusal of a visa or permit, and because the document in question does not relate to the issuance or refusal of a visa or permit, it is not exempt from disclosure simply because it is found in a database that also holds information regarding the issuance and refusal of visas and permits.  In particular, the Court notes that none of the information in the document, as described by the Department, relates to the issuance or refusal of a visa.  Indeed, the Department describes the document as containing "a few lines of biographic data that identify the subject and the record of the denial by a component agency of the U.S. Department of Homeland Security of his application for a NEXUS card to enter the United States."  Walter Decl. ¶ 41. The Department further explains that the document "mentions the fact of the subject's renunciation of his citizenship, information related to the U.S. Customs and Border Protection's denial of the subject's NEXUS application on June 18, 2010, and that the CLASS entry was generated by that denial."  *Id*. Nothing about this description suggests that the record "pertain[s] to the issuance or refusal" of a visa or a permit, since the Department has conceded that a NEXUS card is not a visa or a permit.  Accordingly, the Court finds that Document No. VI cannot be withheld under FOIA exemption (b)(3) and 8 U.S.C. § 1202(f).  *See U.S. Dep't of Air Force v. Rose*, 425 U.S.

13

352, 361 (1976) (FOIA exemptions must be narrowly construed in favor of disclosure).

**IV.  CONCLUSION**

For all of the foregoing reasons, defendant's motion for summary judgment is **DENIED**.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:**    **Emmet G. Sullivan**
**United States District Judge**
**February 20, 2013**